UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD LEWIS,

       Petitioner,                        Hon. Paul L. Maloney

v.                                                         Case No. 1:07-CV-89

THOMAS BELL,

       Respondent.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Lewis' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Lewis' petition be **denied**.


## BACKGROUND

Following a jury trial, Petitioner was convicted of two counts of armed robbery. (Trial Transcript, June 25, 2003, 147-48). It was subsequently established that Petitioner had been convicted of committing at least four previous felonies. (Sentence Transcript, September 26, 2003, 3-16). As an habitual offender, Petitioner was sentenced to serve concurrent prison sentences of 270 months to 25 years. (Tr. 34). Petitioner appealed his convictions in the Michigan Court of Appeals, asserting the following claim:

1

> I. Did the trial court err by denying Defendant's motion to suppress the statements of November 14th and 16th, holding that the taint of his illegal arrest was sufficiently attenuated that those statements should not be excluded from evidence?

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Lewis*, No. 251880, Opinion (Mich. Ct. App., Mar. 17, 2005). Asserting the same claim, Petitioner moved in the Michigan Supreme Court for leave to appeal. The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Lewis,* No. 128675, Order (Mich., Oct. 31, 2005). On October 30, 2006, Petitioner initiated a habeas action in the United States District Court for the Western District of Michigan in which he asserted the following claims:

> I. Violation of due process rights as a result of illegal detention, kidnapping, unlawful detention, and prosecutorial misconduct.
>
> II. Ineffective assistance of counsel.
>
> III. Misapplication of law where trial court denied his motion to quash.
>
> IV. Illegal use of the habitual offender statute.

On November 28, 2006, the Honorable Gordon J. Quist dismissed Lewis' petition for failure to exhaust his state court remedies as to three of the claims asserted in his petition. *Lewis v. Bell*, No. 1:06-cv-784, Dkt. #4 (W.D. Mich.). With respect to Petitioner's ability to return to state court to pursue his unexhausted claims, Judge Quist stated:

> Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before

the expiration of the limitations period raising only his exhausted claims.

*Id.* at 5.

Rather than return to state court to pursue his unexhausted claims, Petitioner filed the present petition for habeas relief on January 29, 2007, in which he asserts the following (properly exhausted) claim:

> I. The court of appeals erred when it upheld the trial court's ruling denying Defendant's motion to suppress statements of November 14 and November 16 when it held that the taint of Defendant's illegal arrest was sufficiently attenuated and that those statements did not have to be excluded as evidence.

## **STANDARD OF REVIEW**

Lewis' petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule

from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360 (6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)). Petitioner can rebut this presumption only by clear and convincing evidence. *Id.*

In certain circumstances, however, the deferential standard articulated above does not apply. First, if the state court resolves a particular claim but fails to articulate its analysis, the Court must apply "modified AEDPA deference." *Vasquez v. Jones*, 496 F.3d 564, 569-70 (6th Cir. 2007). Under this standard, "the court conducts a 'careful' and 'independent' review of the record and applicable law, but cannot reverse 'unless the state court's decision is contrary to or an unreasonable application of federal law.'" *Id.* at 570. However, where the state court has altogether failed to review a particular claim, such is reviewed de novo. As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let

alone reasoning, to which [the] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). In such circumstances, the court conducts a *de novo* review. *Id.*; *see also Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

Following his arrest, Petitioner moved to suppress various inculpatory statements he made to the police. (Dkt. #1, Exhibit A). The Honorable Susan Grant, District Court Judge, granted in part and denied in part Petitioner's motion, suppressing certain statements and rendering admissible other statements. *Id.* Prior to trial, Petitioner renewed his motion to suppress in the Circuit Court. (Dkt. #15-16). On February 5, 2003, the Honorable Lawrence Root, Circuit Court Judge, denied Petitioner's motion, adopting Judge Grant's resolution of the matter. (Dkt. #27). The statements which had not been excluded were admitted against Petitioner at his trial. (Dkt. #22-23). Petitioner now asserts that he is entitled to habeas relief because the admission of the statements at issue violated his Fourth Amendment rights. However, Fourth Amendment claims such as this are not cognizable in habeas corpus cases. *See Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the Court addressed the question "whether state prisoners who have been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review may invoke their claim again on federal habeas corpus review." *Id.* at 489. The Court indicated that the answer to this question "is to be found by weighing the utility of the exclusionary rule against the costs of

extending it to collateral review of Fourth Amendment claims." *Id.*

After examining the purpose of the exclusionary rule, as well as the societal costs exacted by its application, the Court concluded that "these considerations support the implementation of the exclusionary rule at trial and its enforcement on direct appeal of state-court convictions. *Id.* at 489-93. The Court further concluded, however, that "the additional contribution, if any, of the consideration of search-and-seizure claims of state prisoners on collateral review is small in relation to the costs." *Id.* at 493. Accordingly, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. The Court, in a subsequent footnote, indicated that "an opportunity for a full and fair litigation" contemplated evaluation of the Fourth Amendment claim in question "at trial and on direct review." *Id.* at 494 n. 37.

The Sixth Circuit has held that to determine whether a petitioner was afforded a "full and fair" opportunity to litigate his Fourth Amendment claim, the court must undertake a two-prong analysis. *See Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (citing *Riley v. Gray*, 674 F.2d 522 (6th Cir 1982)). The court must first determine whether the State has a procedural mechanism that, in the abstract provides an opportunity to present a Fourth Amendment claim. Assuming the State provides such a mechanism, the question then becomes whether the presentation of the claim was frustrated by a failure of that mechanism. *See Machacek*, 213 F.3d at 952 (citing *Riley*, 674 F.2d at 526).

Pursuant to Michigan court rules, criminal defendants can challenge the admissibility

7

of evidence during a preliminary examination or in the trial court. M.C.R. 6.110(D). Michigan court rules further provide criminal defendants with the right to appeal should such a challenge prove unsuccessful. M.C.R. 7.203(A)(1). The mechanisms provided by the State of Michigan are, therefore, clearly adequate. *See Riley*, 674 F.2d at 526.

With respect to the second prong of the analysis, Petitioner has neither asserted nor demonstrated that the available procedural mechanisms failed or that his attempts to employ such were frustrated. As discussed above, Petitioner was able to assert his Fourth Amendment claims prior to trial. The court received evidence on the matter and issued a lengthy and well-reasoned decision granting in part and denying in part Petitioner's motion to suppress. Petitioner presented his Fourth Amendment claim on direct appeal to the Michigan Court of Appeals which likewise rejected Petitioner's argument in a lengthy and well-reasoned opinion. In sum, the Court finds that the State afforded Petitioner "an opportunity for full and fair litigation of [his] Fourth Amendment claim." Accordingly, the undersigned recommends that Lewis' petition for writ of habeas corpus be denied, as the claim asserted therein is not cognizable in this Court.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Lewis' petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 11, 2010         /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge