UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEWIS,
        Petitioner,

                                No. 1:07-cv-89

-v-

                                HONORABLE PAUL L. MALONEY

THOMAS BELL,
        Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTION

    Richard Lewis, a prisoner under the control of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge reviewed the petition and the Rule 5 material and issued a report (Dkt. No. 30) recommending the petition be denied. Petitioner Lewis (Petitioner) filed an objection. (Dkt. No. 37.)

STANDARD OF REVIEW

    After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by

the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

The magistrate judge correctly identified the appropriate two step process for determining whether a defendant was afforded a full and fair opportunity to litigate a Fourth Amendment claim in state court. Petitioner concedes the State of Michigan has a mechanism that affords an opportunity to present a Fourth Amendment claim. Furthermore, Petitioner concedes he utilized that mechanism to its fullest extent. He raised his Fourth Amendment claim prior to trial. He also presented his Fourth Amendment claim on direct appeal.

This sole issue in Petitioner's objection is whether the state courts' failure to address Petitioner's argument regarding *Riverside v. McLaughlin*, 500 U.S. 44, (1991) constitutes an "egregious error in the application of Fourth Amendment principles." *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). In *McLaughlin*, the Supreme Court held, when an individual is arrested without a warrant, a judicial determination of probable cause should be made within 48 hours. 500 U.S. at 56. When an individual does not receive a probable cause determination within 48 hours of his or her arrest, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57. Petitioner argues the state courts consistently addressed his motion to suppress or exclude his statements under the framework of *Brown v. Illinois*, 422 U.S. 590 (1975), and did not address the claim under *McLaughlin*.

Petitioner's reliance on *McLaughlin* is misplaced. Although Petitioner accurately identifies the holding in *McLaughlin*, the Supreme Court has not specified the remedy for an unreasonable delay in a probable cause determination. *See Powell v. Nevada*, 511 U.S. 78, 84-85 (1994); *United States v. Fullerton*, 187 F.3d 587, 591 (6th Cir. 1999). The Sixth Circuit has held that where a judicial determination of probable cause is not made within 48 hours of a warrantless arrest, that delay is not a reason to suppress statements made by the accused within 48 hours of the arrest. *Id.* at 590-92; *see also United States v. Norfleet*, 148 F.App'x 645, 652 (6th Cir. 2005) ("Since these telephone calls were made before the *McLaughlin* violation occurred, they cannot be a fruit of his unlawful detention, as his detention did not become unlawful until approximately thirty-six hours after he made the calls.") Furthermore, any error in the admission of the statements made once the delay became unreasonable would be subject to a harmless error analysis. *Fullerton*, 187 F.3d at 591-92. Accordingly, the decisions allowing the statements to be admitted were not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See Hunt v. Wolfenbarger*, No. 04-10046, 2007 WL 2421551, at * (E.D. Mich. Aug. 27, 2007) (concluding habeas relief was not available because, although a *McLauglin* violation may have occurred, the Supreme Court had not identified the appropriate remedy for the violation and therefore federal law had not been clearly established).

Petitioner has not established that he is entitled to habeas relief. Petitioner has had a full and fair opportunity in the state courts to litigate whether his statements should be suppressed. When Petitioner made his statements to the police, the Supreme Court of the United States had not clearly established that the remedy for a violation of *McLaughlin* was the suppression of evidence. Following *Fullerton* and *Norfleet*, the statements made on November 14 would not be suppressed

because those statements were made within 48 hours of his arrest on November 13. *See People v. Lewis*, No. 251880, slip op. at 3 (Mich. Ct. App. Mar. 17, 2005) (unpublished order) (per curiam). Any error in admitting the statements made on November 16 would be subject to a harmless error analysis and would not be suppressed outright. For these reasons, Petitioner's objection is **OVERRULED**.

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Having reviewed the sole issue raised by Petitioner for the purpose of issuing a certificate of appealability, the court finds that reasonable jurists would not disagree with the conclusion reached here. The error identified by Petitioner, failure to suppress his statements, was not and is not clearly recognized federal law.

The court finds the report and recommendation well reasoned and an accurate summary of the facts and law. Accordingly, the report and recommendation (Dkt. No. 30) is **ADOPTED OVER OBJECTIONS** as the opinion of this court. Petitioner's request for habeas relief must be **DENIED**. A certificate of appealability is **DENIED. IT IS SO ORDERED.**


Date:  April 29, 2010   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge